FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D ' '

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

★   JAN 3 1 2012

---------------------------------------------------------------------X

LONG ISLAND C· ·ICE

SAMUEL MOORE,

                         Plaintiff,

            -against-

                                                    ORDER
                                                    10-CV-2925 (SJF)(ETB)

DR. DAVID PRENTISS,

                         Defendant.

---------------------------------------------------------------------X

FEUERSTEIN, District Judge:


I.      INTRODUCTION

        On June 24, 2010, incarcerated *pro se* plaintiff Samuel Moore ("plaintiff") filed a

complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Suffolk County

Correctional Facility ("SCCF"), Dr. Vincent Geraci ("Dr. Geraci"), the warden of the SCCF ("the

warden") and unidentified "correctional officers," together with an application to proceed *in

forma pauperis.*  On August 2, 2010, plaintiff filed an amended complaint pursuant to Section

1983 against James L. Tomarken ("Tomarken"); Dr. Geraci; Dr. David Prentiss ("Dr. Prentiss");

Sheriff Vincent DeMarco ("Sheriff DeMarco"); and Richard F. Daines ("Daines").[1]  By order

entered October 14, 2010, plaintiff's application to proceed *in forma pauperis* was granted; the

amended complaint was *sua sponte* dismissed without prejudice as against Tomarken, Dr. Geraci,

Sheriff DeMarco and Daines based upon plaintiff's failure to allege the personal involvement of

any of those defendants in the alleged constitutional violations of which he complains; and

---

[1]  By entered October 14, 2010, plaintiff's claims against the SCCF, the warden and the
correctional officers were deemed withdrawn as a result of his failure to name, or assert any
factual allegations against, those defendants in the amended complaint.

plaintiff was directed to file an amended complaint against those defendants within thirty (30) days from the date the October 14, 2010 order was served with notice of entry upon him or the amended complaint would be deemed dismissed with prejudice as against those defendants. By order entered July 22, 2011, *inter alia*, the amended complaint was dismissed in its entirety with prejudice as against Tomarken, Dr. Geraci, Sheriff DeMarco and Daines based upon plaintiff's failure to serve a second amended complaint upon those defendants in accordance with the October 14, 2010 order. Accordingly, Dr. Prentiss is the only remaining defendant in this action.

On November 2, 2011, the parties appeared telephonically before me for a pretrial conference. During the conference, *inter alia*: (1) defense counsel advised that on October 31, 2011, he had served plaintiff with a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking summary judgment dismissing the amended complaint in its entirety with prejudice; (2) plaintiff advised that he anticipated being released from prison on November 8, 2011; and (3) the Court directed plaintiff (a) to serve any opposition to the motion for summary judgment by 5:00 p.m. on December 8, 2011 and advised him that his failure to do so would result in the motion being deemed unopposed and (b) to provide the Court and defense counsel with his new contact information, and to arrange to be deposed by defense counsel, upon his release from prison. Plaintiff has not opposed the motion, nor sought an extension of time to do so, and has not provided the Court with his new contact information as directed during the conference.[2]

---

[2] "The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. FNU Recard, No. 07-CV-5654, 2010 WL 451047, at * 2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at * 5 (S.D.N.Y. Nov. 20, 1996)); see also Justice v. Doe, No. 07-CV-3800, 2009 WL 4723735, at * 1 (E.D.N.Y. Dec. 1, 2009) (holding that the plaintiff had a duty to apprise the Court of his updated contact information); Beeks v. Reilly, No. 07-CV-3865, 2009 WL 2568531, at * 2 n. 2 (E.D.N.Y.

II.    Background

In his amended complaint, plaintiff alleges that in or about March 2010, he was examined by Dr. Prentiss in the SCCF medical unit, at which time he complained of internal bleeding associated with a prior diagnosis of ulcerative colitis.  According to plaintiff, Dr. Prentiss did not "act upon [his] medical problem ethically" and failed to "call him back down to medical within one week." (Amended Complaint [Compl.], ¶ IV).  Plaintiff alleges that he was not examined in the SCCF medical unit again until May 2010 and that since March 2010, he has "dropped numerous slips to get medical treatment or attention * * * [but] [is] still having medical problems." (Id.)

The uncontradicted medical records, however, establish that Dr. Prentiss examined plaintiff on April 14, 2010,[3] at which time plaintiff complained of stomach pains, followed by a need to defecate, after eating meals.  Plaintiff advised Dr. Prentiss that he had experienced similar symptoms in 2007, while incarcerated in a state prison; had been diagnosed with ulcerative colitis; and had not been prescribed any medication for that condition upon his release from the state prison.  Dr. Prentiss had plaintiff execute a medical release enabling him to obtain his medical records from the state prison so that he could confirm or rule out the previous diagnosis of ulcerative colitis and then completed a request to obtain plaintiff's medical records from the Cape Vincent Correctional Facility ("CVCF").  Upon physical examination, Dr. Prentiss noted

---

Aug. 19, 2009) ("[P]arties have an obligation to notify the Court of a change in their address."); United States ex rel. Roundtree v. Health and Hospitals Police Dept. of New York, No. 06 Civ. 212, 2007 WL 1428428, at * 1 (S.D.N.Y. May 14, 2007) (holding that it is a plaintiff's obligation to inform the court of any change in address).

[3] Prentiss had previously examined plaintiff on September 18, 2009 for an unrelated condition.  In addition, plaintiff had been examined at the medical unit on November 5, 2009 for an unrelated condition.

that plaintiff was in no acute distress and that his abdomen was soft and not tender. Dr. Prentiss advised plaintiff to monitor his condition and return to the medical unit if he continued experiencing problems. According to Dr. Prentiss, he never advised plaintiff that he would call him back to the medical unit for a re-evaluation within one week.

On May 24, 2010, the SCCF medical unit received correspondence from the CVCF indicating that it did not have plaintiff's medical records and that any request for those records should be directed to the Willard Drug Treatment Center ("Willard"). Plaintiff's records were then requested from Willard and were received by the SCCF on June 1, 2010. Additional records were received by the SCCF from Willard on July 21, 2010.

On May 27, 2010, plaintiff was examined and treated at the SCCF medical unit by personnel other than Dr. Prentiss. Between May 27, 2010 and October 22, 2010, plaintiff was examined and treated at the SCCF medical unit on at least eight (8) occasions. Beginning in June 30, 2010, after the SCCF had received plaintiff's medical records from Willard, plaintiff was repeatedly prescribed, *inter alia*, Asacol, Canasa or the generic Mesalamine, to treat his ulcerative colitis. In addition, in June 2010, medical personnel at the SCCF referred plaintiff to Dr. Brett Ruffo, a colon rectal surgeon, for consultation.

Dr. Prentiss last treated plaintiff on August 25, 2010, at which time plaintiff reported feeling well and had no complaints.

II.    Discussion

    A.    Standard of Review

Summary judgment should not be granted unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

4

material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.
56(c). In ruling on a summary judgment motion, the district court must first "determine whether
there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun &
Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted);
see Ricci v. DeStefano, 129 S.Ct. 2658, 2677, 174 L.Ed.2d 490 (2009) (holding that "[o]n a
motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving
party *only* if there is a 'genuine' dispute as to those facts." (Emphasis added) (internal quotations
and citation omitted)). "A fact is material if it 'might affect the outcome of the suit under
governing law.'" Spinelli v. City of New York, 579 F.3d 160, 166 (2d Cir. 2009) (quoting
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).
"Where the undisputed facts reveal that there is an absence of sufficient proof as to one essential
element of a claim, any factual disputes with respect to other elements become immaterial and
cannot defeat a motion for summary judgment." Chandok v. Klessig, 632 F.3d 803, 812 (2d Cir.
2011); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265
(1986) (holding that summary judgment is appropriate when the non-moving party has no
evidentiary support for an essential element for which it bears the burden of proof).

If the district court determines that there is a genuine dispute as to a material fact, the
court must then "resolve all ambiguities, and credit all factual inferences that could rationally be
drawn, in favor of the party opposing summary judgment," Spinelli, 579 F.3d at 166 (internal
quotations and citation omitted); see also Pucino v. Verizon Wireless Communications, Inc., 618
F.3d 112, 117 (2d Cir. 2010), to determine whether there is a genuine issue for trial. See Ricci,
129 S.Ct. at 2677. A genuine issue exists for summary judgment purposes "where the evidence is
such that a reasonable jury could decide in the non-movant's favor." Beyer v. County of Nassau,

5

524 F.3d 160, 163 (2d Cir. 2008) (citing Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007));

see also United Transp. Union v. National R.R. Passenger Corp., 588 F.3d 805, 809 (2d Cir.

2009). "Where the record taken as a whole could not lead a rational trier of fact to find for the

nonmoving party, there is no genuine issue for trial." Ricci, 129 S.Ct. at 2677 (quoting

Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348,

89 L.Ed.2d 538 (1986)).

 "The moving party bears the initial burden of demonstrating the absence of a genuine

issue of material fact," F.D.I.C. v. Great American Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010)

(quotations and citation omitted), after which the burden shifts to the nonmoving party to "come

forward with specific evidence demonstrating the existence of a genuine dispute of material fact."

Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011); see also Spinelli, 579 F.3d at 166.

Thus, the nonmoving party can only defeat summary judgment "by coming forward with evidence

that would be sufficient, if all reasonable inferences were drawn in [its] favor, to establish the

existence of" a factual question that must be resolved at trial. Spinelli, 579 F.3d at 166 (internal

quotations and citations omitted); see also Celotex Corp., 477 U.S. at 323, 106 S.Ct. 2548. "The

mere existence of a scintilla of evidence in support of the [non-movant's] position will be

insufficient; there must be evidence on which the jury could reasonably find for the [non-

movant]." Hayut v. State Univ. of N.Y., 352 F.3d 733, 743 (2d Cir. 2003) (alterations in

original). Moreover, the nonmoving party "may not rely on conclusory allegations or

unsubstantiated speculation" to defeat summary judgment. Brown, 654 F.3d at 358.

 It is well established that "the submissions of a pro se litigant must be construed liberally

and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of

Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotations and citations omitted); see also

6

Lopez v. Jet Blue Airways, 662 F.3d 593, 596 (2d Cir. 2011) ("[A] pro se complaint is entitled to a particularly liberal reading."); Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (holding that courts have an obligation to construe *pro se* complaints liberally and to examine them with "special solicitude").   Nevertheless, a *pro se* litigant cannot oppose a summary judgment motion by relying solely upon allegations in his pleadings, see Salahuddin v. Goord, 467 F.3d 263, 273 (2d Cir. 2006), or "conclusory allegations or denials." Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980); see also D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).   Instead, he or she must produce "some affirmative indication that his version of relevant events is not fanciful," Quinn, 613 F.2d at 445; see also D'Amico, 132 F.3d at 149, by pointing to "specific evidence in the record." Salahuddin, 467 F.3d at 273.

### B.   Deliberate Indifference to Medical Needs

"A convicted prisoner's claim of deliberate indifference to his medical needs by those overseeing his care is analyzed under the Eighth Amendment because the right the plaintiff seeks to vindicate arises from the Eighth Amendment's prohibition of 'cruel and unusual punishment.'" Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009) (quoting Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996)).   However, "a person detained prior to conviction receives protection against mistreatment at the hands of prison officials under the Due Process Clause of the Fifth Amendment if the pretrial detainee is held in federal custody, or the Due Process Clause of the Fourteenth Amendment if held in state custody." Id.   Regardless of whether the plaintiff is a convicted prisoner or pretrial detainee, however, "the standard for deliberate indifference is the same under the Due Process Clause of the Fourteenth Amendment [or Fifth Amendment] as it is under the Eighth Amendment." Id. at 70-71, 72.

A claim for deliberate indifference to medical needs has both an objective and subjective component. See Collazo v. Pagano, 656 F.3d 131, 135 (2d Cir. 2011); Hill, 657 F.3d at 122. Objectively, "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists." Hill, 657 F.3d at 122 (quoting Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996)). In order to determine whether an alleged deprivation of medical care was objectively serious, the court must inquire (1) whether the inmate was "actually deprived of adequate medical care," i.e., whether the prison officials acted reasonably in response to the inmate's medical needs; and (2) "whether the inadequacy in medical care [was] sufficiently serious," i.e., how the challenged conduct was inadequate and what harm, if any, the inadequacy has caused or will likely cause the inmate. Salahuddin, 467 F.3d at 279-80.

"Subjectively, the official must have acted with the requisite state of mind, the 'equivalent of criminal recklessness,'" Collazo, 656 F.3d at 135 (quoting Hathaway, 99 F.3d at 553); see also Wilson v. Seiter, 501 U.S. 294, 299, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (holding that a deliberate indifference claim "mandate[s] inquiry into a prison official's state of mind."), i.e., the official must have "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." Salahuddin, 467 F.3d at 280; see also Caiozzo, 581 F.3d at 72 (holding that the plaintiff must establish that the official "knew of and disregarded an excessive risk to [the plaintiff's] health or safety and * * * was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference." (alterations and quotations omitted)). Generally, "mere allegations of negligent malpractice do not state a claim of deliberate indifference." Hathaway, 99 F.3d at 553; see also Estelle, 429 U.S. at 106, 97 S.Ct. 285 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical

8

condition does not state a valid claim * * * under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) ("[N]egligence is insufficient to support an Eighth Amendment claim."); Hernandez, 341 F.3d at 144 ("'Deliberate indifference' describes a mental state more blameworthy than negligence * * * [and] is a state of mind that is the equivalent of criminal recklessness. * * * A showing of medical malpractice is therefore insufficient to support an Eighth Amendment claim unless the malpractice involves culpable recklessness, i.e., an act or a failure to act * * * that evinces a conscious disregard of a substantial risk of serious harm." (internal quotations and citations omitted)); Cuoco v. Moritsugu, 222 F.3d 99, 106-07 (2d Cir. 2000) (accord).

Plaintiff has not established a claim of deliberate indifference to his medical needs because, *inter alia*: (1) Dr. Prentiss acted reasonably, *inter alia*, in promptly seeking plaintiff's medical records from the facility that plaintiff reported had previously diagnosed him with ulcerative colitis to confirm or rule out that diagnosis, in physically examining plaintiff on April 14, 2010, and in prescribing appropriate medication for plaintiff once the previous diagnosis of ulcerative colitis had been confirmed; and (2) he has not shown that Dr. Prentiss possessed a sufficiently culpable state of mind. Any delay in obtaining plaintiff's medical records from the CVCF cannot be attributed to Dr. Prentiss, who sought to obtain those records on the same date that plaintiff first advised him of the prior diagnosis, and Dr. Prentiss denies ever advising plaintiff that he would call him back to the medical unit for a re-evaluation within one (1) week of that visit. The allegation in plaintiff's amended complaint to the contrary, unsupported by any specific evidence in the record, is insufficient to defeat summary judgment. See Salahuddin, 467 F.3d at 273. In any event, even assuming the truth of that allegation, it is, alone, insufficient to

9

establish a claim of deliberate indifference to plaintiff's medical needs, particularly because the records necessary for Dr. Prentiss to confirm or rule out the previous diagnosis of ulcerative colitis were not received by the SCCF medical unit until June 2010. Upon receipt of those records, plaintiff was appropriately prescribed medication to treat his ulcerative colitis.

To the extent plaintiff alleges that Dr. Prentiss should have done more to diagnose and treat him initially, that allegation raises an issue of medical judgment insufficient to state a constitutional claim for deliberate indifference to medical needs. See, e.g. Estelle, 429 U.S. at 107, 97 S.Ct. 285 ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice * * *."); Hill, 657 F.3d at 123 ("Issues of medical judgment cannot be the basis of a deliberate indifference claim where evidence of deliberate indifference is lacking."); Hernandez, 341 F.3d at 146-47 (holding that an issue of medical judgment, i.e., whether or not to provide specific treatment, "cannot form the basis of a deliberate indifference claim.") Plaintiff's dissatisfaction with the medical treatment provided to him during his incarceration at the SCCF does not support a claim for deliberate indifference to his medical needs. See, e.g. Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) ("[M]ere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to a[] [constitutional] violation.") At most, plaintiff's allegations state a claim for negligence or medical malpractice insufficient to establish a constitutional claim for deliberate indifference to medical needs. Accordingly, Dr. Prentiss's motion is granted and the amended complaint is dismissed in its entirety with prejudice.

III.    Conclusion

Dr. Prentiss's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and the amended complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to enter judgment in favor of Dr. Prentiss; to close this case; and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* plaintiff at his last known address and, since plaintiff has failed to comply with his obligation to provide the Court with his updated contact information, by leaving a copy of the order with the court clerk pursuant to Rules 5(b)(2)(C) and (D), respectively, of the Federal Rules of Civil Procedure.


SO ORDERED.

                                          _____
                                          Sandra J. Feuerstein
                                          United States District Judge

Dated: January 31, 2012
       Central Islip, New York

11